IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-cv-335-ECM-JTA |
| | ) |
| RETIREMENT SYSTEMS OF | ) |
| ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Peter J. Smith ("Plaintiff"), appearing *pro se*, filed this action alleging claims relating to his removal from a bathroom within a Retirement Systems of Alabama Building by Don Terry and Associates, the security officers for the building, on April 16, 2021. (Doc. No. 1-1 at 4.) Plaintiff names as defendants Don Terry and Associates, Retirement Systems of Alabama, and 28 other individuals. (Doc. No. 1.) He seeks as relief $650 million. (Doc. No. 1 at 2.) Pursuant to 28 U.S.C § 636, this case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings and entry of any order or recommendations as may be appropriate. (Doc. No. 4.)

On January 7, 2022, the court ordered Plaintiff to file an amended complaint on or before January 18, 2022, that complies with the Federal Rules of Civil Procedure and provided specific instructions with respect to filing the amended complaint. (Doc. No. 7.) Plaintiff was cautioned that his failure to comply with the directives of that Order would

result in a recommendation by the undersigned that this case be dismissed without prejudice for his failure to comply with the order. (*Id*. at 10.)

Plaintiff requested an extension of the deadline to file his amended complaint and the court granted him an extension to February 15, 2022. (Docs. No. 8, 9). Thereafter, Plaintiff sought another extension (Doc. No. 10), and the court extended the time for Plaintiff to file the amended complaint to March 10, 2022 (Doc. No. 12). Plaintiff was cautioned that the court would not consider any further extensions for filing the amended complaint and was advised that the undersigned would recommend that the case be dismissed without prejudice for failure to comply with a court order if he failed to file an amended complaint by the date specified. (*Id*. at 2.) Nothing in the docket shows that Plaintiff did not receive the Order. The time allowed for Plaintiff to file the amended complaint expired on March 10, 2022. To date, Plaintiff has not filed an amended complaint which complies with the Federal Rules of Civil Procedure, or which complies with the instructions set forth in the January 7, 2022 Order.[1]

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with

---

[1] Notably, Plaintiff has filed numerous motions to amend the complaint. (*See* Docs. No. 11, 13, 14.) Plaintiff's motions however sought to assert claims which were wholly unrelated to the conduct made the subject of the original complaint (*see* Docs. No. 11, 13), sought class certification (*see* Doc. No. 14), and sought to name more individuals as defendants without stating a factual basis for doing so (*see id*.). Thus, his motions were denied by the undersigned. (*See* Docs. No. 12, 15, 16.)

the Federal Rules of Civil Procedure or follow a court order. Fed. R. Civ. P. 41(b). *See also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). *See also Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket").

While the court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. *See Coleman*, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); *Taylor v. Spaziano*, 251 F. App'x 616, 620–21 (11th Cir. 2007) (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); *Brown*, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). Here, Plaintiff failed to follow this court's Orders despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.

1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citation omitted).  Consequently, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that the parties may file any objections to this Recommendation **on or before April 1, 2022**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Tr. Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of March, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

5